Day, J.
A brief statement will sufficiently present the case. C. C. Beckwith & Co. made a general assignment to the defendant for the benefit of the creditors of the firm. The firm was indebted to the plaintiff in the sum of $1,610.85. He presented his claim to the assignee for ah *440 lowance as required by section 6 of the “ act regulating the mode of administering assignments in trust for the benefit of creditors.” S. & O. 709. The assignee refused to indorse on the claim an unqualified allowance. Thereupon, pursuant to the statute, the plaintiff-brought his action against the defendant, as assignee, to enforce the allowance of the claim.
The defendant, not denying the justness of the claim, set up as a defense that the claim was not presented until more than six months after the publication of notice of his appointment; that he had filed an account in the probate court; that a dividend had been made; that he had paid out all the money in his hands; and that he had offered to allow the claim without prejudice to the dividend that had been made and paid.
The plaintiff replied that the defendant knew of his claim; that it was presented for allowance before any creditor was paid; that the defendant never gave proper notice of his appointment; that the dividend declared was set aside by the probate court; and that the defendant had acted in bad faith to favor a certain favorite creditor.
It appeared in evidence, on the trial, that notice of the defendant’s appointment as assignee, was first published in a daily newspaper, on Tuesday, April 25, 1871, and from that time daily (except Sundays) until Monday, May 15, 1871, inclusive; that the defendant filed his account in the probate court, November 20,1871, when a dividend was ordered; that on November 25, 1871, the plaintiff- presented his claim to the assignee for allowance, who refused an unqualified allowance of the claim, but offered to indorse thereon: “Allowed as a valid claim without prejudice to my rights for declaring a dividend by order of the probate court;” and that, on motion of the plaintiff, the probate court set aside the dividend declared November 20, 1871, and disallowed $150 of the amount of the assignee’s fees credited to himself in his account filed, and ordered the assignee to file an inventory of the property that came to his *441 hands as assignee, together with a schedule of the liabilities of the assignees.
The court of common pleas rendered judgment in favor of the defendant; and, on error, the district court affirmed the judgment. To reverse these judgments a petition in error was prosecuted in the Supreme Court.
It is not essential, to the present case to determine all the questions made in the record. The suit was one of a special character, brought under section 6 of the act regulating assignments, which is as follows :
“ Creditors .shall present their claims within six months after the publication of the notice provided for in section 4 of this act, to the assignee for allowance, and the assignee shall indorse his allowance or rejection thereon, and claimants whose claims are rejected shall be required to bring suit against the assignee to enforce such claims within thirty days after the same shall have been rejected, in which, if he recover, the judgment shall be against the assignee, that he allow the same in settlement of his trust, with or without costs, as the court shall think right: Provided, however, that the assignee may make any defense to such action that the assignee might have made to a suit instituted against him before the assignment,for the same cause of action.”
No defense to the merits of the claim was interposed. The controversy relates solely to the plaintiff’s right to have his claim allowed by the assignee in the settlement of his trust. What effect should be given to the claim, after its allowance, in the distribution of the assets, was not a question for determination in this case. That matter, in the first instance, falls within the jurisdiction of the probate court, where the administration ot the assignment is to be settled. But the allowance of the claim was an essential prerequisite to the plaintiff’s right to demand any portion of the assets, for the distribution thereof is limited to such claims only as have been allowed according to law. Nor, without such allowance, could the plaintiff’s contest of the *442 validity of the account and dividend that had been made, be of any avail to him.
As to the defense against the allowance of the claim that the assignee had filed his account, and that a dividend had been made and paid before the claim was duly presented for allowance, it is sufficient to say, that it appeared on the trial that the dividend had been set aside, by the probate court, before the action was brought, and that a small sum remained in the hands of the assignee and not included in the dividend said to be made and paid.
It is immaterial to the present case what effect the setting aside of the dividend might have in the settlement of the trust. The fact that it was set aside, together with the fact of unadministered assets in the hands of the assignee, show that there had been no final settlement of the trust, and, therefore, that defense can not prevail.
Nor was it a good defense that the assignee offered to allow the claim without prejudice to the dividend that had been made, for that dividend was a matter which the plaintiff had successfully contested, and there was besides a fund that had not been distributed. He was, so far as. this objection goes, entitled to have his claim allowed, in the settlement of the trust, for whatever, under (lie direction of the probate court, it might be entitled to. At most, the offer of such qualified allowance by the assignee, could affect only the question of costs, and not the plaintiff’s right to a judgment against the assignee for an unqualified allowance of the claim. Such an allowance would determine nothing more than that the claim should be allowed and not rejected in the settlement of the trust. How it should be disposed of in the settlement of the trust, as we have said, was a matter to be determined, not in this case, but by the tribunal having jurisdiction of the settlement of the trust.
Nor was it a good defense that the claim was not presented to the assignee for allowance within six months after the publication of notice of his appointment; for the requirement of the statute that creditors must present their *443 claims for allowance within that period, was not intended to be a limitation in bar of their right to a subsequent allowance of claims, but was intended to expedite the settlement of the trust, and to protect the assignee in any lawful dividend or settlement that may have been made, and vigilant creditors in such rights as they may have acquired thereby. Whatever a creditor may lose by not presenting his claim for allowance within the statutory period, by reason of a partial settlement of the trust, he may come iu at any time for at least his equitable share in the assets unadministered, and not properly disposed of, at the time he presents or prosecutes his claim for allowance, in the mode prescribed by the statute.
This view of the case renders it unnecessary to detei’mine whether the notice of the appointment of the assignee had been published “ for three consecutive weeks,” as required by section 4 of the act regulating assignments; for, since the statutory period of six months for the presentation of claims does not bar the right to their allowance, the sufficiency of the notice which fixes the beginning of that period, is not material to the question of the allowance of the claim. The sufficiency of the notice is material only upon other matters appertaining to the settlement of the trust. We do not, however, wish to be understood as expressing a doubt as to the sufficiency of the notice. On the contrary, we have assumed that it was in full compliance with the statute, and that the plaintiff’s claim was not vei’ified as required by section 13 of the act regulating assignments, and presented to the assignee for allowance until more than six months after the publication of the notice.
It follows that the judgment of the district court and that of the court of common pleas must be reversed, and that the cause must be remanded to the court of common pleas for further proceedings.

Judgment accordingly.